UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| NGOZIKA J. NWANERI,<br>    Plaintiff,<br><br>v.<br><br>GEORGE WASHINGTON UNIVERSITY HOSPITAL,<br>    Defendant. | Civil Action No. 22-821 (JDB) |

## MEMORANDUM OPINION & ORDER

Before the Court are Dr. Ngozika Nwaneri's motions for reconsideration of the Court's orders dismissing his pro se discrimination case against George Washington University Hospital ("GWUH") as untimely and denying his various other motions. For the following reasons, the Court will deny Nwaneri's motions for reconsideration and sustain judgment for GWUH.

### Background

**I.   Factual Background**

The Court assumes familiarity with the factual background of the case and only briefly summarizes the factual allegations here. See Mem. Op. [ECF No. 35] ("MTD Mem. Op.").[1] Nwaneri is an "elder African-American" cardiac, thoracic, and vascular surgeon who, since 2002, had a "contractual relationship" to perform surgery at GWUH. Am. Compl. [ECF No. 28] ¶¶ 1, 5. In 2010, he began noticing a "pattern of disparate treatment and discrimination," including "two frivolous suspensions of vascular privileges," which he believed were based on "his age, race, and color." Id. ¶ 6. In August 2017, Nwaneri "was involved in a surgery during which a patient suffered from a[] [non-fatal] adverse intra-operative bleeding event." Id. ¶ 8. The surgical mishap

---

[1] The memorandum opinion is also available at Nwaneri v. George Washington Univ. Hosp., Civ. A. No. 22-821 (JDB), 2023 WL 2571893 (D.D.C. Mar. 20, 2023).

1

led to a lengthy internal review process, which Nwaneri contends was delayed and mishandled. See id. ¶¶ 9–25. As part of that process, GWUH revoked his hospital privileges in fall 2017. Id. ¶¶ 13, 17. Although an appellate panel reversed that decision in May 2019, he was unable to resume surgery practice at the hospital. Id. ¶¶ 21–22.

On April 30, 2021, Nwaneri filed an "inquiry" with the Equal Employment Opportunity Commission. See Compl. [ECF No. 1] at 12. Concluding that his claims were time-barred, the EEOC issued a right-to-sue letter on February 1, 2022. See Dismissal & Notice of Rights [ECF No. 1-2] at 2; Am. Compl. ¶ 25.

## II.  Procedural Background

On March 25, 2022, Nwaneri filed this pro se action, alleging retaliation and discrimination in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e et seq., and the Age Discrimination in Employment Act of 1967 ("ADEA"), 29 U.S.C. § 621 et seq. Compl. at 2. GWUH moved to dismiss the complaint as time-barred and for failure to state a claim, see Def.'s Mot. to Dismiss Pl.'s Compl. [ECF No. 15] at 2, and the parties fully briefed that motion. Then, Nwaneri moved to amend his complaint to add a discrimination claim under the District of Columbia Human Rights Act ("DCHRA") and claims for breach of contract and tortious interference. See Pl.'s Mot. to Amend Compl. [ECF No. 24] at 1; Am. Compl. ¶¶ 26–49. GWUH opposed amendment and supplemented its motion to contend that the new claims were also time-barred and failed to state a claim. See Def.'s Suppl. Opp'n to Pl.'s Mot. to Amend Compl. [ECF No. 31] at 4–15.

Nwaneri has proceeded pro se throughout this action, although he has repeatedly filed motions seeking the Court's assistance to secure counsel. The Court denied Nwaneri's motions for appointment of counsel because, among other reasons, the case was "not sufficiently complex" and plaintiff's "filings . . . demonstrate that he is able 'to communicate with the court and to file

appropriate motions.'"  Order [ECF No. 6] at 3 (quoting Williams v. Ct. Servs. & Offender Supervision Agency for D.C., 878 F. Supp. 2d 263, 267 (D.D.C. 2012)); accord Order [ECF No. 8] at 1–2 (denying renewed motion); Order [ECF No. 12] at 1–2 (same).  For similar reasons, the Court also denied Nwaneri's motion to permit him access to the Court's civil pro bono registry.  Order [ECF No. 18] at 1–2.  On September 28, 2022, Nwaneri alerted the Court that he had "engaged" counsel, but that this counsel was presently ineligible for membership in this Court's bar.  Pl.'s Pet. to Amend Sponsor's Affidavit for Admission of Counsel [ECF No. 30] at 1–2.  Nwaneri asked the Court to waive certain admission requirements or stay the proceedings until his proposed counsel could obtain membership.  Id.; Mot. to Stay [ECF No. 33] at 2.  The Court denied Nwaneri's motion to alter the admission requirement, reasoning that the Court "does not have the ability to grant waivers."  Oct. 20, 2022 Min. Order.

On March 20, 2023, the Court granted GWUH's motion to dismiss the complaint and denied Nwaneri's motion to amend, because all of Nwaneri's original and proposed claims were time-barred.  MTD Mem. Op. at 6–13.  The Court also denied Nwaneri's motion to stay.  Id. at 5 n.2, 6.  The Court entered final judgment that day.  Order [ECF No. 34].

### III.   Present Motions

Nwaneri later filed the two motions for reconsideration that are at issue here.  On October 4, 2023, Nwaneri moved for reconsideration of the Court's March 20, 2023 order and for an extension of the time to appeal.  Pl.'s Pet. to the Ct. for Relief from a Final Order [ECF No. 36] ("Recons. Mot.").  Nwaneri represents that he did not receive the copy of the Court's order mailed to him on March 24, 2023, but only obtained the order on September 5, 2023, after calling the Clerk's Office to check the status of his case six days earlier.  Id. at 2–3.  He argues that the Court should reconsider its decision to dismiss his case and deny leave to amend because, he alleges for the first time, the internal adjudication with GWUH did not end until April 20, 2020, and therefore

his claims are timely. Id. at 6. GWUH opposed Nwaneri's motion for reconsideration, claiming that Nwaneri neither met the high bar for relief from a final judgment nor demonstrated eligibility for an extension of time to appeal. Def.'s Opp'n to Recons. Mot. [ECF No. 37] ("Recons. Opp'n") at 6–16. Nwaneri filed a reply. Reply to Recons. Opp'n [ECF No. 38] ("Recons. Reply").

On December 28, 2023, Nwaneri filed a further motion for reconsideration of the Court's prior orders denying his requests for appointment of counsel and access to the Court's pro bono attorney registry. Recons. Req. for Appointment of Pro Bono Att'y or Access to Ct.'s Civil Pro Bono Att'y Registry [ECF No. 39] ("Counsel Mot.") at 1. Nwaneri contends that the Court should revisit its prior orders denying counsel appointment because his claims are actually timely. Id. at 1–2. GWUH opposed, arguing that the counsel appointment motion must also be considered under Rule 60 and that Nwaneri had not met the standard to obtain relief. Def.'s Opp'n to Counsel Mot. [ECF No. 40] at 4–6. Nwaneri filed a reply. Reply to Def.'s Opp'n to Counsel Mot. [ECF No. 41]. Both reconsideration motions are now fully briefed and ripe for decision.

## **Legal Standard**

A court may, "[o]n motion and just terms, . . . relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons":

1) mistake, inadvertence, surprise, or excusable neglect;
2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
4) the judgment is void;
5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). "In considering a Rule 60(b) motion, [a] district court must strike a delicate balance between the sanctity of final judgments and the incessant command of a court's conscience that justice be done in light of all the facts." People for Ethical Treatment of Animals v. U.S. Dep't

4

of Health and Hum. Servs. ("PETA II"), 901 F.3d 343, 354–55 (D.C. Cir. 2018) (cleaned up). The burden is on the movant to establish an entitlement to relief. Gates v. Syrian Arab Republic, 646 F.3d 1, 5 (D.C. Cir. 2011).

**Analysis**

The Court will begin with Nwaneri's arguments for reconsideration of the Court's dismissal order before turning to the issues regarding appointment of counsel and extending the time to appeal. The Court construes Nwaneri's pro se filings liberally and "holds [his] pleadings to less stringent standards than those applied to pleadings drafted by lawyers." Douglas v. United States, 245 F. Supp. 2d 46, 47–48 (D.D.C. 2003) (internal quotation marks omitted).

## I. Reconsideration of the Court's Dismissal Order

Nwaneri seeks reconsideration under Rule 60(b) of the Court's order dismissing his case.[2] The Court will consider each of his arguments in turn.[3]

### A. Calculation of the Statute of Limitations

Nwaneri's primary argument for reconsideration is that the Court improperly concluded that his claims were time-barred. He asserts—for the first time in this litigation—that the statute of limitations started running on April 20, 2020, the date on which GWUH allegedly "unilaterally terminated" an "internal adjudication [that] is an integral and compulsory process that ought to be exhausted by membership of the medical staff, prior to any legal action." Recons. Mot. at 4–5.

---

[2] Although his opening brief sought reconsideration under Rule 60 generally, Nwaneri's reply brief clarifies that he does not seek relief under Rule 60(a). Recons. Reply at 7.

[3] The Court construes Nwaneri's motion as raising arguments under Rule 60(b)(1) (mistake), 60(b)(3) (fraud), and 60(b)(6) (other reasons). Even liberally construed, Nwaneri's briefing does not contain any arguments that could form a basis for relief under the other provisions of Rule 60(b).
Nwaneri also argues that Rule 60(c) and (d) apply to this case. Recons. Reply at 6. Rule 60(c) is a timing provision that provides that motions under Rule 60(b) "must be made within a reasonable time—and for reasons (1), (2), and (3) no more than a year after the entry of judgment or order." The Court concludes that Nwaneri's motions for reconsideration were made "within a reasonable time" and within a year of the Court's order. Rule 60(d) does not apply because Nwaneri has not filed an "independent action," his claim does not fall within 28 U.S.C. § 1655 (lien enforcement; absent defendants), and he does not allege "fraud on the court." Fed. R. Civ. P. 60(d).

Had he proceeded to court before the adjudication concluded, he argues, GWUH would have asserted that he "violated the internal arbitration and use[d] such pretext to invoke 'a motion to dismiss.'" Id. at 4. He contends that because the statute of limitations did not begin running until April 20, 2020, his lawsuit filed on March 25, 2022, was timely. Id. at 6.

Nwaneri's new contention arguably implicates either Rule 60(b)(1) or 60(b)(6). Rule 60(b)(1) authorizes courts to grant relief from orders premised on "mistake, inadvertence, or excusable neglect," which has been construed to include legal error. Kemp v. United States, 142 S. Ct. 1856, 1862 (2022). Rule 60(b)(6), Rule 60(b)'s residual clause, authorizes courts to provide relief for "any other reason that justifies" it. Fed. R. Civ. P. 60(b)(6). Rule 60(b)(6) relief is available only under "extraordinary circumstances," Kemp, 142 S. Ct. at 1861, and is "not an opportunity for unsuccessful litigants to take a mulligan," Kramer v. Gates, 481 F.3d 788, 792 (D.C. Cir. 2007).

The Court might understand Nwaneri to be arguing that April 20, 2020, has independent legal significance as the date on which the internal adjudication concluded. However, the Court cannot find based on the documentation Nwaneri provided that April 20, 2020, marks the conclusion of GWUH's internal adjudication. The April 20, 2020, date seems to derive from a communication between GWUH and Nwaneri, which is referenced in a June 11, 2021, letter between the parties. See Recons. Mot. at 4. The 2021 letter, attached to Nwaneri's motion, summarizes an earlier, April 20, 2020, letter, in which GWUH advised Nwaneri that "it cannot speak to the credentialing decisions of other hospitals where [he] may be seeking membership or clinical privileges," "confirmed [that GWUH] would not grant [his] request to remove the ten case surgical proctoring requirement as a prerequisite to privileges at GWUH," and "shared . . . [that GWUH] consider[ed] this matter closed, [would] not revisit the issue, and [would] not respond to future correspondence seeking modification of its decision." Recons. Mot., Ex. E [ECF No. 36-1]

6

at *6. Based on this description, it is <u>at most</u> ambiguous whether April 20, 2020, marked the conclusion of the adjudication, or whether the adjudication concluded nearly a year prior, <u>see</u> Am. Compl. ¶ 22, and April 20, 2020, marked merely the date on which GWUH refused to continue responding to his protests of that decision. Indeed, based on the record and Nwaneri's prior allegations, the latter seems more likely. On this basis, the Court cannot conclude that it made any legal error in the prior decision, <u>Kemp</u>, 142 S. Ct. at 1862, or that the new information provided "shows the initial judgment to have been manifestly unjust," <u>Good Luck Nursing Home, Inc. v. Harris</u>, 636 F.2d 572, 577 (D.C. Cir. 1980); <u>see</u> <u>PETA II</u>, 901 F.3d at 355, such that Rule 60(b)(1) or 60(b)(6) relief would be warranted.

Alternatively, the Court might understand Nwaneri to be arguing that the statute of limitations on his claims should be tolled through April 20, 2020, by the ongoing internal adjudication. But even assuming the internal adjudication concluded on that date, his claims would not be timely.

To begin, although Nwaneri asserts in his motion for reconsideration that he was precluded from bringing suit during the pendency of the internal adjudication, he has not pointed the Court to any provision of GWUH's bylaws that states as much. Hence, there is no basis for the Court to conclude that Nwaneri was actually barred from pursuing his claims in court during the internal adjudication.[4] Nor has Nwaneri provided an equitable basis for the Court to excuse his failure to timely file suit pending the adjudication. The Court reaffirms its prior conclusion, <u>see</u> MTD Mem. Op. at 12–13, that Nwaneri has not shown that, despite diligence, some "extraordinary circumstance stood in his way" of discovering the facts of his case or of filing this lawsuit and,

---

[4] Even if the internal adjudication was an "arbitration" that barred simultaneous litigation as Nwaneri asserts, Recons. Mot. at 4, it is unlikely this case would have been dismissed on that basis rather than merely stayed until the arbitration ended. <u>See</u> 9 U.S.C. § 3 (providing for stays of proceedings while arbitration proceeds); D.C. Code § 16-4407 (same); <u>Weatherly Cellaphonics Partners v. Hueber</u>, 726 F. Supp. 319, 324 (D.D.C. 1989) (staying case pending arbitration).

therefore, that equitable tolling might be warranted. Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005). Nor has he alleged any inequitable conduct by GWUH that should estop it from asserting a statute of limitations defense here. See Chung v. U.S. Dep't of Just., 333 F.3d 273, 278–79 (D.C. Cir. 2003). Nwaneri has offered only speculation that GWUH would have filed a motion to dismiss in an earlier-filed action.

Finally, Nwaneri's race and age discrimination claims would still be time-barred even if the clock started running on April 20, 2020. Nwaneri's proposed amended complaint pleaded violations of Title VII, the ADEA, and the DCHRA. See Am. Compl. ¶¶ 47–59. To bring an ADEA or Title VII claim in the District of Columbia, a plaintiff must file a charge with the Equal Employment Opportunity Commission within 300 days of the alleged discriminatory act. See MTD Mem. Op. at 11 (citing Greer v. Bd. of Trustees of Univ. of D.C., 113 F. Supp. 3d 297, 306–07 (D.D.C. 2015)). A DCHRA claim must be filed within one year of the unlawful discriminatory act, although the statute of limitations can be tolled by filing an EEOC charge. See id. (citing D.C. Code § 2-1403.16(a) and McFadden v. Wash. Metro. Area Transit Auth., 204 F. Supp. 3d 134, 142–43 (D.D.C. 2016)). Hence, even if the statute of limitations began running on April 20, 2020, Nwaneri would still be out of time on all of his discrimination claims because he filed the inquiry with the EEOC on April 30, 2021—375 days after the alleged end of the internal adjudication. See Compl. at 12.

Because Nwaneri has not "provide[d] the . . . court with reason to believe that vacating the judgment will not be an empty exercise or a futile gesture," Murray v. District of Columbia, 52 F.3d 353, 355 (D.C. Cir. 1995), the Court will deny relief under Rule 60(b)(1) and (b)(6).

### B. GWUH's "[O]bfuscation [of] the [I]ssues"

Nwaneri finally asks the Court to set aside its order dismissing the case because GWUH "obfuscat[ed] the issues and introduc[ed] . . . judicial bias, including the skewed presentation of

8

the accurate events involving the relevant facts at issue which in turn influenced the Court's deliberations and consequent findings that Plaintiff's claims are time-barred." Recons. Reply at 9; see Recons. Mot. at 5. The Court will treat this contention as made under Rule 60(b)(3).

A court may relieve a party from a final judgment under Rule 60(b)(3) due to "fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party." Fed. R. Civ. P. 60(b)(3). To obtain relief, the movant must first "prove such fraud or misrepresentation with 'clear and convincing evidence.'" People for Ethical Treatment of Animals v. U.S. Dep't of Health and Hum. Servs. ("PETA I"), 226 F. Supp. 3d 39, 55 (D.D.C. 2017) (quoting Shepherd v. Am. Broad. Cos., Inc., 62 F.3d 1469, 1477 (D.C. Cir. 1995)). The movant must also "show actual prejudice, that is, he must demonstrate that the defendant's conduct prevented him from presenting his case fully and fairly." Jordan v. U.S. Dep't of Lab., 331 F.R.D. 444, 451 (D.D.C. 2019) (quoting Ramirez v. DOJ, 680 F. Supp. 2d 208, 210 (D.D.C. 2010)).

Nwaneri does not satisfy this burden. To begin, he does not offer any proof that GWUH "lied" to the Court in any way. PETA I, 226 F. Supp. 3d at 56. Indeed, his argument is not that GWUH misstated the facts, but that GWUH portrayed the facts in a way with which he disagreed. That argument is not clear and convincing evidence of fraud but only an effort to "re-litigate the merits of [the timeliness] issue by claiming [GWUH] committed 'fraud' by arguing their case." Id. Nwaneri also does not demonstrate that any prejudice resulted. At the motion to dismiss stage, the Court took as true all of Nwaneri's factual allegations and thoroughly reviewed the legal timeliness issues raised by those facts. See MTD Mem. Op. at 5. Under the facts Nwaneri alleged, the Court concluded that his claims were time-barred. Id. at 6–13. And Nwaneri does not contend that GWUH otherwise prevented him from "presenting [his] own case" to the Court. PETA I, 226 F. Supp. 3d at 57. Therefore, Nwaneri's Rule 60(b)(3)'s argument is unsuccessful.

## II. Reconsideration of the Court's Denial of Appointment of Counsel

Nwaneri's central argument for reconsideration of the Court's orders denying appointment of counsel is that his claims are actually timely. Counsel Recons. Mot. at 2. Having concluded that there is no basis to revisit the Court's prior decision dismissing his claims as time-barred, the Court will deny his motion for reconsideration of its prior orders denying appointment of counsel or access to the pro bono counsel registry, and also deny reconsideration of the Court's prior refusal to stay the case pending admission of proposed counsel.

## III. Extension of Time to Appeal

Finally, Nwaneri asks the Court to extend the time to file a notice of appeal of the Court's order dismissing his case because, he claims, he did not receive that order until September 5, 2023. See Recons. Mot. at 6. Due to the length of time since the order issued,[5] the only potentially applicable rule is Federal Rule of Appellate Procedure 4(a)(6), which governs motions to reopen the time to appeal:

> The district court may reopen the time to file an appeal for a period of 14 days after the date when its order to reopen is entered, but only if all the following conditions are satisfied:
>
> A. the court finds that the moving party did not receive notice under Federal Rule of Civil Procedure 77(d) of the entry of the judgment or order sought to be appealed within 21 days after entry;
> B. the motion is filed within 180 days after the judgment or order is entered or within 14 days after the moving party receives notice under Federal Rule of Civil Procedure 77(d) of the entry, whichever is earlier; and
> C. the court finds that no party would be prejudiced.

Fed. R. App. P. 4(a)(6). Even assuming, then, that Nwaneri did not receive notice of the order until September 5, 2023, and that GWUH would not be prejudiced, the Court still could not order

---

[5] The Court cannot extend the time to appeal under Federal Rule of Appellate Procedure 4(a)(5). A court may only grant an extension of time to appeal under that Rule when the party moves within 30 days of the expiration of his time to appeal. Fed. R. App. P. 4(a)(5). That date passed on May 19, 2023.

10

relief. Nwaneri filed his first motion for reconsideration on October 4, 2023. That date was 198 days after the Court entered judgment in this case and at least 29 days after Nwaneri allegedly received notice of the judgment. Accordingly, he did not file his motion within the time limits set out in Rule 4(a)(6)(B).

Nwaneri pleads the Court for equitable relief, but none is available. Codified by statute, 28 U.S.C. § 2107(c), the time limits of Rule 4(a)(6)(B) are mandatory and jurisdictional, and the Court has "no authority to create equitable exceptions," Bowles v. Russell, 551 U.S. 205, 214 (2007).

## Conclusion

The Court has concluded that reconsideration under Rule 60(b) is not warranted as to either the order dismissing Nwaneri's case or the orders denying appointment of pro bono counsel. Further, Nwaneri is out of time to seek reopening of the time to appeal the Court's March 20, 2023 order dismissing the case.

\*     \*     \*

For the foregoing reasons, and upon consideration of the entire record herein, it is hereby

**ORDERED** that [36] plaintiff's motion for reconsideration of the Court's orders dismissing the case, denying the motion to stay, and denying the motion to amend the complaint is **DENIED**; it is further

**ORDERED** that [36] plaintiff's motion for an extension of time to file a notice of appeal is **DENIED**; and it is further

**ORDERED** that [39] plaintiff's motion for reconsideration of the Court's orders denying appointment of counsel and access to the pro bono counsel registry is **DENIED**.

**SO ORDERED.**

/s/
JOHN D. BATES
United States District Judge

Dated: <u>April 30, 2024</u>